UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>                    Plaintiff,<br><br>       v.<br><br>BRUCE COOPER, et al.,<br><br>                    Defendants. | Case No. 1:21-cv-00009-BLW<br><br>**SUCCESSIVE REVIEW ORDER** |

Plaintiff Maximiliano Sileoni filed a Complaint in Case No. 1:20-cv-00508-BLW on November 2, 2020 (mailbox rule), which violated Federal Rule of Civil Procedure 20 because it contained multiple unrelated claims. Therefore, the Court ordered the claims of harassment severed from that action into this new case.

Plaintiff was provided with a "Prisoner Civil Rights Amended Complaint in Watson Questionnaire Format" to aid him in setting forth his factual allegations in a manner that fits the elements of the causes of action and with the standards of law for amendment. The Court now reviews Plaintiff's Amended Complaint. Dkt. 11.

### STANDARDS OF LAW

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial

**SUCCESSIVE REVIEW ORDER - 1**

plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**SUCCESSIVE REVIEW ORDER - 2**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

Only those persons who personally participated in an alleged constitutional violation should be included as named defendants in the amended complaint. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For a supervisor, "personal participation" means showing "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Verbal harassment, abuse, and threats, without more, are not sufficient to state a constitutional deprivation under § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) (allegations that a correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); *see Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (use of derogatory racial epithets does not violate Fourteenth Amendment); *see Shabazz v. Cole*, 69 F.Supp.2d 177, 198-201 (D.Mass. 1999) (citing authority to explain that racial slurs and verbal threats without more do not invoke constitutional protection). However, inmates have an Eighth Amendment right to

**SUCCESSIVE REVIEW ORDER - 3**

be free from "calculated harassment unrelated to prison needs." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). A complaint for calculated harassment must state sufficient facts to show a pattern of calculated harassment, which means multiple incidents of harassment. *See id.*

The United States Supreme Court has reiterated that the Eighth Amendment should be reserved for serious incidents causing "unnecessary and wanton infliction of pain," where such pain has been inflicted by prison officials' "deliberate indifference to the inmates' health or safety." *Hope v. Pelzer*, 536 U.S. 730, 736-37 (2002) (internal citations and punctuation omitted. Further, in *McKune v. Lile*, 536 U.S. 24, 41 (2002), the Court noted that, in determining whether a constitutional claim lies, "[c]ourts must decide whether the [facts] are closer to the physical torture against which the Constitution clearly protects or the *de minimis* harms against which it does not."

To address the growing trend of frivolous civil rights actions filed by prison inmates, the PLRA introduced a "three strikes" provision, which precludes a prisoner from filing lawsuits or appeals in forma pauperis if he has previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g).

## DISCUSSION

1. **Defendant Bruce Cooper**

Plaintiff's only claim against Defendant Bruce Cooper arose in 2016. Therefore, it is well beyond the two-year statute of limitations, given that Plaintiff filed his original Complaint about four years later, on November 2, 2020. (*See* Dkt. 1 in Case No. 1:20-cv-

**SUCCESSIVE REVIEW ORDER - 4**

00508-BLW, prior to severance.) Plaintiff has not provided any allegations showing that his claim against Cooper is timely or that equitable tolling or estoppel should be applied to permit him to proceed.

Plaintiff's complaint against Nurse Cooper is that, when Plaintiff had a medical visit to evaluate his shoulder, Cooper punched him in the shoulder, causing Plaintiff pain. Dkt. 11, p. 2. Plaintiff asserts that Cooper did so to retaliate against Plaintiff and to harass him. Plaintiff has not sufficiently alleged that he suffered anything more than a de minimis injury when Cooper allegedly punched his shoulder. In fact, Plaintiff alleges that he had "zero physical injuries, but he did punch me and that is a battery." Dkt. 11, p. 3. There are no allegations to support a retaliation claim (such as prior exercise of a First Amendment right). One episode does not amount to calculated harassment. Plaintiff cannot pursue a state law battery claim without a similar anchoring federal claim.

Accordingly, the claim against Cooper will be dismissed with prejudice because it is untimely and fails to state a claim upon which relief can be granted.

2. **Twana Young**

Plaintiff asserts that, in 2019, he wanted to turn in a syringe he found in J-Block, Unit 4. He did not want to get into trouble, and so he put it on the food tray cart, and Correctional Officer Young heard the noise of the syringe hitting the bottom of the food cart. No one said anything to him about the syringe. Later, Plaintiff wrote a concern form stating that he put the syringe on the cart. The next night Young came to work, and, in Plaintiff's own words, "that's how I know they assigned her to me, well do to my past history we were not getting along I exhibit to her once and she did not care. But after a

**SUCCESSIVE REVIEW ORDER - 5**

whole month of doing it, she would stand at my door and scream at me of how much of a predator I was to her I told her that she let me the first couple of times so it cause me to keep doing it so she started to write me multiple DORs and screaming at me. every other night." Dkt. 11, p. 4 (verbatim).

These allegations fail to show a pattern of harassment by Defendant Young. Rather, they tend to show that it was Plaintiff who was harassing Defendant Young by continuing to exhibit his genitals to her. Verbal warnings, even in a loud voice, for Plaintiff's repeated improper behavior does not amount to a pattern of harassment that violates the Constitution. The claims against Young will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**3.      Defendant Correctional Officer White**

Plaintiff alleges that Defendant White told him she could not be around him because he "told on people." He alleges that he "starded to mess around with her for a few days and one day she send over defendant to harass me as I was the predator and she ask me and he said that he did not believe anything from a sex offender predator." Dkt. 11, p. 6.

These allegations fail to show a pattern of harassment by Defendant White. Rather, they tend to show that it was Plaintiff who was harassing White by "messing around" with her. Plaintiff has not stated sufficient allegations showing that White's behavior amounted to a pattern of harassment that violates the Constitution. The claims against Young will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**SUCCESSIVE REVIEW ORDER - 6**

### 4. Defendant Correctional Officer Flower

Plaintiff alleges that he had an argument with a staff member named Clinician Hartt about a Disciplinary Offense Report (DOR). Hartt was angry and told Defendant Flower that Plaintiff exposed himself to Hartt. Flower asked Plaintiff whether he was masturbating in front of Hartt. Plaintiff denied it. Flower told Plaintiff, "I don't believe you, you a sexual predator your getting a D-O-R." Dkt. 11, p. 8 (verbatim).

These allegations do not amount to a constitutional violation. Correctional officers are not required to believe prisoners over other staff members regarding prisoners' behavior. Plaintiff was free to contest the DOR in the prison disciplinary system. Nor do Plaintiff's allegations show that he was subjected to punishment from the DOR that amounted to an atypical and significant hardship in comparison to regular prisoner life, such that a liberty interest arose if he was punished. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). He asserts that he had housing problems because the janitor wanted him to be moved and that he lost the privilege to participate in activities. Dkt. 11, p. 9. For these reasons, the claims against Flower will be dismissed for failure to state a claim upon which relief can be granted.

### 5. Defendant Correctional Officer Prochaska

Plaintiff asserts that, on a day when one or more female nurses were in the unit, he used the toilet within their view. Officer Prochaska then screamed at Plaintiff and repeatedly asked him why he chose to use the toilet at that time, accusing him of trying to

**SUCCESSIVE REVIEW ORDER - 7**

"show your dick to the nurse." Dkt. 11, p. 10. Plaintiff said he thought his behavior was acceptable, because the nurses could have just looked away.

This incident does not rise to the level of a constitutional violation. Verbal abuse does not constitute a violation, nor does one incident that is not part of a pattern of harassment. This claim will be dismissed with prejudice for failure to state a claim.

### 6. Defendant Correctional Officer Burn

Defendant Officer Burn was assigned to watch Plaintiff during his suicide unit stay. Burn told his companion officer that Plaintiff wanted to be placed on suicide watch only so that he could interact with female staff members and that Plaintiff cut his penis only so that he could be treated by female medical staff. Burns' companion also began making these same statements. As a result, Plaintiff felt bad about himself and cut his body again. He includes no specific allegations to show how he was able to cut his body during suicide watch, which is a unit in which any items that can be used as weapons are *not* provided to prisoners. Neither has Plaintiff alleged that any cuts he made (perhaps with his own fingernails) were anything but de minimis.

To aid in the screening of Plaintiff's allegations, the Court will reference Idaho Department of Correction records showing that Plaintiff, in fact, has a significant number of sexual-related DORs related to female staff members and that he often must be housed in areas of the prisoners where female officers are not assigned to protect the female

**SUCCESSIVE REVIEW ORDER - 8**

officers. Plaintiff also has been given DORs for making false statements. *See* Martinez Report[1] filed in Case No. 1:22-cv-00150-CWD, Dkts. 7, pp. 8-9; 7-3, pp. 5-7.

The allegations in the Amended Complaint against Officer Burns do not amount to a plausible constitutional violation. Officer Burns' opinions to a coworker about why Plaintiff was placed on suicide watch are not far from the documented behavior reflected in Plaintiff's prison records. Verbal abuse is not actionable unless it amounts to calculated harassment, and one instance does not amount to calculated harassment. Plaintiff's allegations of injury are insufficient. This claim will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

7. **Conclusion**

Plaintiff has stated no actionable claim against any Defendant. Neither do the allegations show that Defendants agreed together to harass Plaintiff, such that the allegations could be combined to show a conspiracy or calculated harassment. *See Fonda v. Gray*, 707 F.2d 435, 438 (1983) (to allege a conspiracy, the plaintiff must bring forward plausible factual allegations showing an agreement or meeting of the minds to violate constitutional rights). Therefore, the Amended Complaint, and this entire action, will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

---

[1] In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the trial court ordered (before answer) that the prison officials conduct an investigation of the incident to include an interrogation of those concerned, and file a report with the court, to enable the court to decide the jurisdictional issues and make a determination under section 1915(a). *Id*. at 319. The Ninth Circuit approved of the use of *Martinez* reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008).

**SUCCESSIVE REVIEW ORDER - 9**

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Amended Complaint (Dkt. 11) is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

2. Plaintiff is issued a strike under 28 U.S.C. § 1915(g).

DATED: January 4, 2023

_____
B. Lynn Winmill
U.S. District Court Judge